**Raymond Ventura GARCIA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5706.**

United States Court of Appeals Tenth Circuit.

Dec. 21, 1957.

William L. Rice, Denver, Colo., for appellant.

John S. Pfeiffer, Asst. U. S. Atty. for Dist. of Colorado, Denver, Colo. (Donald E. Kelley, U. S. Atty. for Dist. of Colorado, Denver, Colo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was convicted of being a transferee unlawfully in possession of marihuana in violation of 26 U.S.C.A. § 4744(a) as that statute was effective on July 15, 1956.[1] He now charges that the government failed in sustaining a burden of showing that the drug was acquired by or transferred to him within the jurisdiction of the Colorado trial court. Appellant does not question the sufficiency of the proof relating to actual possession within the State of Colorado.

Having proved appellant's possession of untaxed marihuana at Golden, Colorado, the government offered no evidence specifically relating to the place of ac-

1. Effective July 19, 1956, the transportation or concealment of unlawfully possessed marihuana was made a specific offense, 70 Stat. 567.

quisition of the drug and relied entirely upon the statutory presumption set forth in sec. 4744(a) thus:

"(a) *Persons in general.* * * * It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741(a) to acquire or otherwise obtain any marihuana without having paid such tax; and proof that any person shall have had in his possession any marihuana and shall have failed, after reasonable notice and demand by the Secretary or his delegate, to produce the order form required by section 4742 to be retained by him shall be presumptive evidence of guilt under this section and of liability for the tax imposed by section 4741(a)."

■ Appellant recognizes under the holding of this court in Jones v. United States, 10 Cir., 193 F.2d 115, that the presumptive evidence rule of sec. 4744 (a) applies as well to the place of the commission of the offense as to the fact of commission, but urges that the government's own evidence in this case amply rebutted the statutory presumption and necessitated the production of affirmative proof as to the place where appellant was claimed to have acquired the contraband. As a premise to this contention reliance is had upon three circumstances revealed by the government's evidence: (a) Appellant was apprehended in an automobile bearing California license plates, (b) he asserted in an extra-judicial statement that he had arrived that morning from California and (c) a government witness testified that the marihuana was originally grown in Old Mexico.

■ The constitutionality of any presumptive evidence rule is dependent upon the existence of a rational connection between the fact proved and the presumptive fact. Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L. Ed. 632. The persuasiveness of the logical connection between proven and ultimate fact is not overcome, as a matter of law, by the existence of other competent evidence touching the subject matter. The statutory presumption is overcome as a matter of law only in those cases where the combined effect of the statute and evidence offered affirmatively could not be considered by the jury as excluding every reasonable hypothesis of fact except that the drug was acquired within the jurisdiction. Such were the facts in Stone v. United States, 5 Cir., 223 F.2d 23, and Shurman v. United States, 5 Cir., 219 F.2d 282, upon which appellant relies. In both these cases substantial credible evidence indicated affirmatively that the drug was acquired by the accused elsewhere than in the jurisdiction of trial. But it is not so in the instant case. Indeed, we consider the evidentiary circumstances noted by appellant as having but a minimum of persuasive value and certainly not sufficient to destroy in law the prima facie case of the government.

The self-serving, extra-judicial statements of the appellant relative to his activities may be given such credence as the jury may deem proper in view of all the circumstances of the case, but may, in the judgment of the fact finder be far outweighed by the fact of possession of the drug. Shurman v. United States, supra; Frazier v. United States, 82 U.S.App.D.C. 332, 163 F.2d 817; Landsborough v. United States, 6 Cir., 168 F.2d 486. Nor does the fact that appellant was driving an automobile bearing out-of-state licenses have more than a mere shadow of probative value. Kelly v. United States, 10 Cir., 246 F.2d 864.

■ It being general knowledge that the contraband of the illegal drug traffic commonly originates in foreign countries it is of no significance in the instant case that the marihuana was Mexican grown. We conclude that the government could properly rely upon the presumption of sec. 4744(a) and that the trial court properly submitted the issue of appellant's guilt to the jury.

Appellant's further contention that the trial court erred in its instructions has no merit.

Affirmed.