Robert Lowell ROGERS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 7386.

United States Court of Appeals
Tenth Circuit.

Dec. 12, 1963.

Rehearing Denied Dec. 30, 1963.

James T. Moran, Denver, Colo., for appellant.

Jack R. Parr, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., was with him on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

On December 22, 1960, Rogers was convicted of offenses involving the unlawful trafficking in narcotics, 26 U.S.C. §§ 4704(a), 4705(a). He appealed the judgments to this court, and on August 22, 1962, the judgments were affirmed by decision of this court. Rogers v. United States, 10 Cir., No. 7021, reported *sub nom.* Ferguson v. United States, 10 Cir., 307 F.2d 787. On September 11, 1962, a petition for rehearing was denied and thereupon Rogers sought and was granted review by certiorari to the Supreme Court. Ferguson v. United States, 374 U.S. 805, 83 S.Ct. 1698, 10 L.Ed.2d 1030. The case is presently pending in the Supreme Court.

Rogers was admitted to bail pending appeal of Case No. 7021 to this court. While on bail (August 23, 1962) he committed acts which premised his conviction in the case at bar, again a violation of 26 U.S.C. § 4704(a). After this conviction the trial court sentenced Rogers under 26 U.S.C. § 7237 as a second offender. The present appeal attacks the validity of this sentence, the constitutionality of 26 U.S.C. § 4704(a), and also urges that Rogers was denied the right to counsel at certain stages of the proceeding.

■ ■ The validity of the imposition of sentence upon Rogers as a second offender is entirely dependent upon a determination that at the time he committed the acts forming the basis of conviction in the case at bar he had been previously convicted of an applicable offense within the compulsion of 26 U.S.C. § 7237. He committed such acts on August 23, 1962. At such time he had been found guilty and sentenced in case No. 7021 but an appeal was pending in this court questioning the legality of his conviction. Although this court subsequently found Rogers' conviction to be proper, the judgment is still suspect pending a final determination by the Supreme Court. The question is thus whether absolute finality of judgment is necessary to constitute a previous conviction under 26 U.S.C. § 7237. We hold that it is not.

■ ■ Second and subsequent offense statutes are admittedly harsh and must be strictly construed to avoid and protect against unintended applications. However, such statutes should be construed to effectuate their purpose and to apply the very harshness that Congress intended to meet situations deemed intolerable to the public safety and welfare. 26 U.S.C. § 7237 is but one of many legislative enactments reflecting the view of Congress that tight narcotic control is necessary and that violations must be prevented, discovered, and punished. Whether the purpose of the statute enhancing penalties for repeated narcotic violations is to vindicate the law as such, to afford retribution, to isolate the offender, or to afford greater opportunity for rehabilitation, we think the factual situation in the case at bar clearly indicates that Rogers was intended to be within the undefined term of second offender. Certain it is that one who is on bail after being found guilty of a narcotics offense and again commits that crime pending appeal shows no respect for the law, deserves retribution, requires isolation, and needs extensive rehabilitation. And if harshness of penalty is to have deterrent effect upon others, its application in the instant case is required.

■ Our view that a pending appeal neither voids nor suspends a trial conviction for the purpose of sentencing a second offender is not reflected in the decisions of many state courts. See Annot., 5 A.L.R.2d 1080. However, a careful reading of these state courts' decisions indicates the existence of distinguishable statutes or a result reached to avoid a manifest miscarriage of justice where post-trial remedial statutes

488

are not adequate for correction. In the latter regard, federal remedies are adequate for correction of sentence had we reversed case No. 7021 or if that conviction is ultimately set aside by the Supreme Court. Both Rule 35, Fed.Rules of Crim.Proc., and 28 U.S.C. § 2255 offer potential remedies.

The decisions from other federal circuits do lend some comfort to our conclusion. In Tanzer v. United States, 278 F.2d 137, the Ninth Circuit held that a plea of guilty followed by a suspension of the imposition of sentence constituted a conviction sufficient to require sentencing as a second offender. That court refused to draw a distinction between suspension of the imposition of sentence and suspension of execution of sentence and indicated that the fact of conviction rather than the technical finality of judgment was decisive. So, too, Judge Biggs, sitting by designation in the First Circuit and speaking for that court in Gonzalez v. United States, 224 F.2d 431, 436, has perhaps anticipated our case when he stated by way of dicta that "* * * a person must at least have been judicially adjudicated guilty of one of the enumerated offenses prior to the commission of a second offense before he can be subjected to the increased penalty for a 'second or subsequent offense.'" Rogers was "judicially adjudicated guilty" of a prior narcotics offense, an adjudication which was in effect at the time of his second offense and presumably correct. The conviction remains a conviction until and unless it is set aside by judicial action.

Although appellant urges the unconstitutionality of 26 U.S.C. § 4704(a) as containing a statutory presumption having no rational connection to ultimate fact he concedes that this court and others have held otherwise. See Casey v. United States, 276 U.S. 413, 48 S.Ct. 373, 72 L.Ed. 632; Jones v. United States, 10 Cir., 193 F.2d 115; Garcia v. United States, 10 Cir., 250 F.2d 930; Ware v. United States, 8 Cir., 309 F.2d 457. We remain satisfied that the cited statute is constitutional.

Finally, appellant contends that he has been denied the right to counsel "at that stage of the proceedings which intervene between trial and appeal." The record reveals that Rogers was served by appointed trial counsel during all trial proceedings and thereafter for the purpose of presenting a motion for new trial and lodging a notice of appeal to this court. Trial counsel then requested to be relieved of further obligation in the case, and his request to withdraw as appointed counsel was granted by the trial court on December 31, 1962. On April 22, 1963, Rogers wrote to the trial court requesting the appointment of "interim" counsel for the purpose of preparing a motion for new trial under Rule 33, Fed. Rules of Crim.Proc. Since an appeal was then pending in this court, the trial court forwarded the request to the clerk of this court. On July 10, 1963, we appointed counsel for appellant. Meanwhile, on May 28, 1963, Rogers lodged with the district court a motion for a new trial, purportedly under Rule 33, attacking his conviction as based on perjury, ineffective trial counsel, and errors committed by the trial judge. The motion was denied, and against such procedural background appellant asserts he has been denied right to counsel "at all stages of the proceedings."

The right to counsel by an indigent accused of crime embraces the right to representation at all times and during all proceedings where the fundamentals of due process are involved. He has a right to be cautioned, advised, and served by counsel so that he will not be the victim of his poverty. But he has no right to continuous service, nor to counsel of his choice, nor to dictate the procedural course of his representation. Prejudice to an unrepresented indigent will be presumed in certain instances, but not, as here, where an extraordinary and single procedural step is taken by the accused without benefit of counsel and where time does not compel the step during that period. We are satisfied that Rogers had no constitutional right to "interim" counsel and was not prejudiced

in any way. In fact, the history of this case and that of case of No. 7021 indicate that his constitutional rights have been, and are being, jealously protected, that he has drawn heavily upon them, and yet the verdicts of two juries indicate the absence of his compliance with concomitant obligations.

The judgment is affirmed.