STATE OF CONNECTICUT *v.* HARLIS MILLER

| SUPERIOR COURT | FAIRFIELD COUNTY AT BRIDGEPORT | FILE No. 15202 |

Memorandum filed August 20, 1965

*Otto J. Saur,* state's attorney, for the state.

*Harlis Miller,* the defendant, pro se.

PARSKEY, J. This is an application by the defendant, Harlis Miller, for the appointment of new counsel to prosecute his appeal from a jury verdict of guilty of murder in the second degree. The defendant is presently represented by Herbert J. Bundock, public defender for Fairfield County. Bundock has been a member of the bar since 1946 and public defender since January, 1962. Since his appointment, he has processed some 800 cases, including 40 jury trials, among them the two murder trials on behalf of the defendant. He has prosecuted five appeals to the Supreme Court of Errors, securing reversals in three of them, one of which involved the defendant. He has filed an appeal in the present case and is prepared to represent the defendant to the best of his ability. Bundock has not requested permission to withdraw as counsel for the defendant.

At the hearing on this application, the defendant's only reason for a change of counsel was a claim that at the trial Bundock failed to call to the witness stand certain unnamed witnesses who, it is claimed, could have offered evidence favorable to the defense. Bundock states that every potential witness whose name was called to his attention by Miller was interviewed either by Bundock or the assistant public defender, G. Sarsfield Ford, and if some of these witnesses were not used at the trial it was because in Bundock's judgment they had little, if anything, to contribute to Miller's defense. It is further stated that four defense witnesses, in addition to Miller, did testify on his behalf.

The right to assistance of counsel is guaranteed to the defendant by the sixth and fourteenth amendments to the constitution of the United States. *Gideon* v. *Wainright,* 372 U.S. 335. This includes the right to counsel in the prosecution of an appeal.

*Douglas* v. *California,* 372 U.S. 353. However, an indigent defendant does not have the constitutional right to compel the state to engage counsel of his own choice. *State* v. *Reid,* 146 Conn. 227, 235. Nor does he have the right to dictate the procedural course of his representation. *Rogers* v. *United States,* 325 F.2d 485, 488 (10th Cir.). So long as appointed counsel acts as an advocate instead of merely as an amicus curiae; *Ellis* v. *United States,* 356 U.S. 674, 675; the indigent defendant is being adequately represented.

Assuming, arguendo, that the public defender committed an error in judgment in failing to call to the stand the witnesses requested by the defendant, this would not, in and of itself, disqualify him from representing the defendant as an advocate in the present appeal. Absent a showing of incompetency, bias or any other quality which would deny the defendant effective assistance of counsel, none of which is shown here, there is no basis for replacing experienced counsel merely because the defendant so requests.

Application for change of counsel is denied.