**UNITED STATES of America**

v.

**John Brett ALLEN.**

**Crim. No. 76–218.**

United States District Court,
E. D. Pennsylvania.

Jan. 6, 1977.

David W. Marston, U. S. Atty., by William C. Fields, III, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas Colas Carroll, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CAHN, District Judge.

The defendant, John Brett Allen, has been found guilty of a violation of 21 U.S.C. § 846, which provides that anyone who attempts or conspires to commit a crime prohibited by Title 21 is punishable by fine or imprisonment "which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." The relevant maximum penalties applicable to defendant Allen are provided by 21 U.S.C. § 841(b)(1)(B) (imprisonment of not more than five years, a fine of not more than $15,000 or both). In addition this statute provides for the maximum penalties to be doubled if the defendant is found to be a "second offender".

The questions presented to this court for resolution are what is the definition of a "second offender" and does defendant Allen come within the scope of the definition.

An analysis of the definition of "second offender" must begin with 21 U.S.C. § 841. This statute provides:

If any person commits such a violation *after* one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this title or title III or other law of the United States relating to narcotic drugs, marijuana, or depressant or stimulant substances, *have become final,* such person shall be sentenced to a

term of imprisonment of not more than 10 years, a fine of not more than $30,000, or both. [Emphasis added.]

21 U.S.C. § 841(b)(1)(B). This court must determine what Congress meant by the term *"have become final"*. Allen had previously been convicted of a similar narcotics offense in the United States District Court for Colorado. However, there is a pending appeal of the prior conviction before the U.S. Court of Appeals for the Tenth Circuit. Allen argues that under this statute, *"have become final"* means that he cannot be sentenced as a second offender until all appeals are exhausted. The United States argues that a conviction becomes final at the conclusion of all proceedings at the trial level.

There is a lack of case law dealing with this issue, and the legislative history is inconclusive. Therefore, this court must look to the interrelationship of the various parts of title 21 and the legislative history to ascertain the congressional intent.

A defendant who alleges that his prior conviction was in violation of the Constitution of the United States is given an opportunity to raise these claims in a hearing determining second offender status. By this statute Congress intended to deal harshly with the "second offender" and at the same time recognized that the doubling of penalties was sufficiently onerous to require a safeguard. 21 U.S.C. § 851(c)(2) establishes a safeguard by providing the defendant with a hearing analogous to a habeas corpus hearing.

It is true that a conclusion suggested by the defendant might be based on the difference in language between 21 U.S.C. § 841 and its predecessor (26 U.S.C. § 7237). Where § 7237 uses the phrase "previously been convicted", § 841 uses the phrase "after one or more prior convictions . . . have become final". One could argue that the addition of the phrase "have become final" in § 841 after *Rogers v. United States*[1] is a reflection of congressional in-

1. 325 F.2d 485 (10th Cir. 1963), *vacated on other grounds,* 378 U.S. 549, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964). The *Rogers* case held that under 26 U.S.C. § 7237 "pending appeal

tent to alter the effect of § 7237 and the interpretation given to it in the *Rogers* case. That argument, however, is at variance with the apparent intent and policy behind the statute to deal harshly with recidivists. Consequently, the change of language in § 841 does not evidence a legislative intention to override *Rogers, supra.*

This court finds that the Government's analysis of the legislative intent is correct and the phrase *"have become final"* in the statute means the conclusion of all proceedings at the trial level. In interpreting this statute this court must keep in mind the United States Supreme Court's directive that courts in determining legislative intent "must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy". *Philbrook v. Glodgett,* 421 U.S. 707, 713, 95 S.Ct. 1893, 1898, 44 L.Ed.2d 525 (1975). It is clear from the legislative history that the congressional policy and intent in enacting this statute was to provide the courts with flexibility and treatment alternatives in the sentencing of drug users and to deal severely with those in the business of selling controlled substances. Pub.L. 91–513, 1970 U.S.Code Cong. and Adm.News, p. 4566; H.R.Rep. No. 1444, 91st Cong. 1st Sess. (1970); S.Rep. No. 613, 91st Cong. 1st Sess. (1969).

If this court were to adopt the defendant's position the result would be that those in the business of selling illegal drugs with a prior conviction could defeat Congress's intent of second offender classification by taking an appeal from the prior conviction. Such an interpretation would insure a person with a prior conviction from being sentenced as a second offender as long as an appeal was pending. I cannot accept that it was Congress's intent to encourage frivolous appeals and provide insurance from second offender status for those in the business of selling illegal drugs. In *Knapp v. McFarland* the court said, "However, our function is to give effect to the Legisla-

ture's intent, and where a literal reading leads to an illogical result, the tempering influence of reasonable construction must be applied." 462 F.2d 935, 939 (2d Cir. 1972). *Accord, Rogers v. United States, supra.*

By applying "the tempering influence of reasonable construction", I must conclude that Congress meant the phrase *"has become final"* in 21 U.S.C. § 841 to mean the conclusion of all proceedings at the trial level. Therefore this court finds the defendant, John Brett Allen, to be a second offender. In the event that the prior conviction is found to be improper on appeal, the defendant is not harmed as he can petition this court for a reduction in sentence.[2]

This court further concludes that in accordance with the procedures of 21 U.S.C. § 851, the defendant may raise all his claims attacking his prior conviction as being in violation of the Constitution of the United States except those pending before the Tenth Circuit. This conclusion is reached by utilizing the same principles of legislative construction as above. It is the duty of this court to interpret statutes in a manner that is logical. Such an analysis limits the constitutional claims that may be raised in a 21 U.S.C. § 851 hearing to those not on appeal to the Tenth Circuit, otherwise, the federal judicial system would be presented with the anomalous situation of this court and the Tenth Circuit hearing and deciding the same issues involving the same conviction simultaneously. Such a situation could lead only to chaos, conflict and waste in the judicial system.

---

neither voids nor suspends a trial conviction for the purpose of sentencing a second offender . . ."

2. See Fed.R.Crim.P. 35.