UNITED STATES of America

v.

ALLEN, John Brett, Appellant.

No. 77–1192.

United States Court of Appeals,
Third Circuit.

Argued Oct. 6, 1977.

Decided Nov. 29, 1977.

Thomas Colas Carroll, Carroll, Creamer & Carroll, Philadelphia, Pa., Joseph Saint-Veltri, Denver, Colo., for appellant.

David W. Marston, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., William C. Fields, III, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before GIBBONS and WEIS, Circuit Judges, and STEEL,* District Judge.

OPINION OF THE COURT

GIBBONS, Circuit Judge.

John Brett Allen and two others were convicted of conspiracy to possess marijua-

* Sitting by designation.

na, with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] Before the trial, the government had filed an information charging that Allen was a second offender under the federal Controlled Substances Act and therefore liable to increased punishment. After a non-jury trial held on stipulated facts, the district court sentenced him to imprisonment for eight years, a fine of $20,000, and a special parole term of four years. The prison term is three years longer, and the fine $5,000 higher, than the statutory maximum for the offense of which he was convicted. 21 U.S.C. §§ 841(b)(1)(B) and 846. Allen contends that his conviction should be set aside because the court erred both in refusing to suppress evidence seized at the time of his arrest and in refusing to compel the government to produce an informant. He also urges that the court erred in imposing an enhanced sentence based upon a prior conviction which had not become final. We affirm his conviction but remand for resentencing.

■ This case involves a shipment of marijuana from Boulder, Colorado, to Pottsville, Pennsylvania. A Drug Enforcement Administration agent in Phoenix, Arizona, had received a tip that the shipment was to be made, that Allen was to meet it in Pottsville, and that it was to be delivered to Connecticut purchasers. He notified his counterpart in Pennsylvania, who located a Ryder rental truck at a Pottsville motel where two men, giving Colorado addresses, had registered. The agent learned that the two men remained at the motel while a third man drove away in the Ryder truck, accompanied by a station wagon bearing Connecticut license plates. Both vehicles were later located at a hunting cabin near Pottsville occupied by Allen, who was there arrested. The Ryder truck was seized, and a later search revealed approximately 1100 lbs. of marijuana. After an evidentiary hearing the district court concluded that the seizure was justified by exigent circumstances and that the search, although conducted with a defective warrant, was justified by the rule in *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed. 1000 (1976). We find no error in this ruling.

■ At the hearing on the suppression of evidence, the defendants moved for the production of the confidential informant who had tipped the Phoenix agent. The defendants contended that the informant's testimony bore on the reasonableness of Allen's arrest and the seizure of the truck. The district court ruled that reasonable cause was established when the informant's tip was verified by the arrival of the Ryder rental truck, by Allen's presence in Pottsville, and by the presence of the station wagon bearing Connecticut license plates. We conclude that the lower court did not err in finding that the informant's testimony was not necessary to the defense. *See United States v. Rovario*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *United States v. Jackson*, 384 F.2d 825 (3d Cir. 1967), *cert. denied*, 392 U.S. 932, 933, 88 S.Ct. 2292, 20 L.Ed.2d 1390 (1968).

Turning to Allen's contention that he should not have been subjected to an enhanced sentence, we must begin with 21 U.S.C. § 841(b)(1)(B) which provides for recidivists as follows:

> If any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph, or for a felony under any other provision of this subchapter or subchapter II of this chapter or other law of the United States relating to narcotic drugs, marijuana, or depressant or stimulant substances, *have become final*, such person shall be sentenced to a term of imprisonment of not more than 10 years, a fine of not more than $30,000, or both.

(Emphasis added.) The procedure for establishing a prior conviction is set forth in

---

1. The conviction of co-defendant Thomas J. Meador was affirmed by another panel of this Circuit. *United States v. Meador*, 559 F.2d 1209 (1977) (judgment order). The appeal by co-defendant Richard John Cooper is disposed of in an opinion of this panel, filed simultaneously with this opinion. *United States v. Cooper*, 567 F.2d 252.

21 U.S.C. § 851. Before trial the United States Attorney must file an information stating the previous conviction. 21 U.S.C. § 851(a)(1). After conviction the court must inquire whether the defendant affirms or denies the information. 21 U.S.C. § 851(b). If the defendant denies a conviction or contests its validity, the court must hold an evidentiary hearing on any issues raised by the defendant's response. 21 U.S.C. § 851(c)(1).

In this case Allen admitted that he had been convicted in the United States District Court for the District of Colorado on June 25, 1975, for conspiracy to import marijuana and that he had been sentenced for that offense on August 8, 1975. He urged, however, that the Colorado conviction was not, either prior to his trial or at the time of his conviction, final within the meaning of § 841(b)(1)(B) because an appeal was still pending before the Tenth Circuit.[2] The district court rejected this argument and imposed the enhanced sentence because it construed the words "have become final" to refer only to proceedings at the trial level. *United States v. Allen*, 425 F.Supp. 78 (E.D. Pa.1977).

As the district court acknowledged, there is no case law interpreting the statute in its present form, and the legislative history of the Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L.No. 91–513, Title II, § 401, 84 Stat. 1260, which introduced the "have become final" language, is inconclusive. Prior to 1970, 26 U.S.C. § 7237 had included the phrase "previously been convicted." The lower court, finding no clue as to why that language had been replaced, looked instead to what was perceived to be the overall congressional intent in the Act of 1970: to deal harshly with recidivists.

One obvious difficulty with that analysis is that the prior statute also treated recidivists harshly. There is no hint in the legislative history of the 1970 Act that Congress contemplated more harshness toward them than theretofore. Another difficulty is that Congress must have been aware that sever-

al federal courts had interpreted the language "previously been convicted" to mean convicted in the lower court. *See Rogers v. United States*, 325 F.2d 485 (10th Cir. 1963), *vacated and remanded for resentencing*, 378 U.S. 549, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964); *Gonzalez v. United States*, 224 F.2d 431 (1st Cir. 1955). Thus Congress omitted language which had been interpreted as permitting sentencing under the recidivist provision despite the fact that the first conviction was pending on appeal.

■ The *Rogers* case illustrates the problem Congress probably had in mind when it substituted the words "has become final" for the words "previously been convicted." In *Rogers* the first conviction was ultimately reversed, and the Supreme Court had to send the defendant back for resentencing on the second conviction. It seems likely that Congress intended to avoid that problem by limiting recidivist sentencing to cases in which the conviction has become final, in the sense that the time for appeal has expired or a pending appeal has been disposed of. We can speak only of likelihood and probability, for the word "final" can have different meanings in different contexts, and—on the particular usage involved in this case—there is no enlightening legislative history. Nonetheless, we can find some guidance in a well-known rule of construction: penal statutes must be strictly construed.

■ Considering that rule of construction, the ambiguity of the term "final," the alteration of the earlier language which had been held to include convictions on appeal, and the probable congressional awareness of the *Rogers* problem, we construe § 841(b)(1)(B) to mean that a prior conviction is not final for purposes of recidivist sentencing while that conviction is subject to direct appellate review. We are reinforced in our position by the weight of authority among state courts that, while an appeal is pending, the defendant cannot be considered as having been convicted for purposes of a recidivist statute. Annot. 5 A.L.R.2d 1092 (1949). *See also* A.L.R.2d Later Case Service (1971, 1977).

2. That conviction was subsequently affirmed in April, 1977.

The government argues that the *Rogers* problem—the problem of vacating an enhanced second sentence predicated on an overturned conviction—was dealt with by Congress in 21 U.S.C. § 851(c)(2) which provides *in toto*:

A person claiming that a conviction alleged in the information was obtained in violation of the Constitution of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response. Any challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless good cause be shown for failure to make a timely challenge.

This subsection, the government urges, affords the defendant the opportunity—the only opportunity—to litigate the validity of the prior conviction before the second sentencing court.

This interpretation of § 851(c)(2) is not a reasonable one. On its face the subsection refers, not to all erroneous convictions, but only to those tainted by unconstitutionality. Obviously, the provision was inserted in the statute in order to permit a collateral attack on an unconstitutional, but final, conviction before the imposition of an additional sanction based upon it. We hold that the subsection deals only with prior judgments which are not pending on appeal. If we were to construe it to be applicable to judgments of conviction which are not final, in the appellate finality sense, we would introduce the possibility that the second sentencing court—and the court of appeals reviewing its judgment—could pass on legal issues pending in another appellate tribunal. This, in turn, would make possible conflicting results, with all their attendant complications and embarrassments. Certainly, Congress never intended such a construction.

Allen also contends that an enhanced sentence should not have been imposed on him because, although the information required by 21 U.S.C. § 851(a)(1) was filed before trial, it was not served on him or his counsel prior to trial, as required by the statute. It has been held that strict compliance with the legislatively mandated pretrial filing requirement is a jurisdictional prerequisite to the imposition of an enhanced sentence, even when the particular failure did not prejudice the defendant. *United States v. Noland*, 495 F.2d 529 (5th Cir.), *cert. denied*, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974). Whether this rule should be extended to cover the requirement that the information be served on the defendant or his counsel need not be decided in this case, however, since we hold that the Colorado conviction, not being final at the time of the trial, did not fall within the enhanced sentence provision in 21 U.S.C. § 841(b)(1)(B).

The judgment of sentence will be vacated, and the case remanded to the district court for resentencing within the range permitted for a conviction under 21 U.S.C. §§ 841(a)(1) and 846 without regard to the Colorado conviction.