**UNITED STATES of America, Plaintiff,**

v.

**Paul WILLIAMS, Defendant.**

**No. CR 72–165.**

United States District Court,
D. Oregon.

Feb. 28, 1980.

**938**

David S. Teske, Federal Defender, Portland, Or., for defendant.

Jack C. Wong, Asst. U. S. Atty., Portland, Or., for plaintiff.

## OPINION AND ORDER

JAMES M. BURNS, Chief Judge.

Petitioner Paul Williams seeks relief, under 28 U.S.C. § 2255 and Federal Rule of Criminal Procedure 35, from an enhanced sentence imposed for federal narcotics offenses. He contends that his enhanced sentence, grounded upon a prior narcotics conviction, must be vacated for failure to meet substantive requirements of 21 U.S.C. § 841(b)(1)(A) and procedural requirements of 21 U.S.C. § 851. For reasons that follow, petitioner's motion will be denied.

In 1971, petitioner was convicted (first conviction) of narcotics offenses under 21 U.S.C. § 841. This occurred in San Diego, in the Southern District of California. He was sentenced in March of 1972 and appealed his conviction to the Ninth Circuit Court of Appeals. Petitioner was subsequently indicted in the District of Oregon in August of 1972 and charged with narcotics and weapons offenses allegedly committed in June and August of that year. Before trial on this second indictment, the United States Attorney filed an information accusing petitioner of having a prior conviction under § 841. In September of 1972, while his first appeal was pending, petitioner was tried and convicted here on the second indictment. The Ninth Circuit affirmed petitioner's first conviction in October of 1972, *United States v. Williams*, 468 F.2d 251 (9th Cir. 1972), and petitioner sought certiorari review by the Supreme Court.

In December of 1972, while his first conviction was pending certiorari review, petitioner came before me for sentencing on his second conviction. At that time, with petitioner represented by appointed counsel, the following colloquy took place:

THE COURT: Mr. Williams, do you have any statement you wish to make in [m]itigation of sentence or . . . any statement as to why sentence should not be imposed upon you at this time?

THE DEFENDANT: No.

. . . . . .

THE COURT: . . . And it's my understanding, Mr. Koebilin [defense counsel], that Mr. Williams has a previous conviction within the meaning of the statute?

MR. KOEBILIN: That is correct, Your Honor.

THE COURT: And it's further my understanding that was a conviction under 841 in the Southern District of California and that an appeal was taken and the conviction was affirmed on appeal October 1972?

MR. KOEBILIN: That is correct, Your Honor.

Mr. Williams then informed me that he either had filed or soon would file a petition for certiorari review of his first conviction. Finding that his first conviction was final within the meaning of § 841, I sentenced petitioner to an enhanced term under § 841(b)(1)(A).[1]

Title 21 U.S.C. § 841(b)(1)(A) doubles the usual maximum sentence for a federal narcotics offense

"[i]f any person commits such a violation after one or more prior convictions of him for an offense punishable under this paragraph [or for other drug-related of-

---

1. Sentencing here was on December 13, 1972; certiorari was denied February 26, 1973, on the San Diego conviction.

fenses] . . . have become final . . . ."

Title 21 U.S.C. § 851 sets out procedures for establishing a prior conviction as the basis for enhanced sentencing. That provision requires, in pertinent part:

"(b) If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

Petitioner challenges his enhanced sentence on two grounds: First, his prior conviction did not become final within the meaning of § 841 until certiorari review was denied, two months after his enhanced sentencing; and, second, that I failed to comply with the procedure set out in § 851. Neither of petitioner's objections have been squarely met in this circuit.

## I. *Finality of the prior conviction.*

Only the Third Circuit Court of Appeals has addressed the issue of finality under § 841. In *United States v. Allen*, 566 F.2d 1193 (3d Cir. 1977), *cert. denied*, 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978), that court ruled that an enhanced sentence under § 841 could not be premised on a prior conviction that was still pending appeal before the Tenth Circuit Court of Appeals. The *Allen* court acknowledged that the legislative history of the Comprehensive Drug Abuse Act of 1970 is inconclusive. The Act repealed 26 U.S.C. § 7237 and replaced it with 21 U.S.C. § 841. The enhanced sentencing provisions of § 7237 authorized an increased sentence for subsequent offenses if the offender "previously has been convicted." By contrast, § 841 requires that prior convictions "have become final."

The Third Circuit reasoned that Congress changed the wording of its enhancement provision because federal courts had construed the language "previously has been convicted" to require only finality in the trial court. This construction, noted the Third Circuit, created resentencing problems illustrated by *Rogers v. United States*, 325 F.2d 485 (10th Cir. 1963), *vacated and remanded for sentencing*, 378 U.S. 549, 84 S.Ct. 1932, 12 L.Ed.2d 1041 (1964). In *Rogers*, the defendant was sentenced as a second offender after his first conviction had been affirmed on appeal but was still pending certiorari review. The Supreme Court granted his petition and vacated the prior conviction, requiring a remand for resentencing on the second offense. Having reviewed this history, the *Allen* court concluded:

"Considering that [penal statutes must be strictly construed], the ambiguity of the term 'final,' the alteration of the earlier language which had been held to include convictions on appeal, and the probable congressional awareness of the *Rogers* problem, we construe § 841 (b)(1)(B) to mean that a prior conviction is not final for purposes of recidivist sentencing while that conviction is subject to direct appellate review."

The government argues here that "direct appellate review" does not include certiorari. I cannot embrace that reading of *Allen*, since it would not prevent a recurrence of the problem in *Rogers*. Resentencing in *Rogers* became necessary only because the Supreme Court granted certiorari and vacated the Tenth Circuit's affirmance of the prior conviction. If I adopt the *Allen* rationale in toto—that Congress was aiming specifically at the *Rogers* problem—then petitioner's enhanced sentencing was premature. There are sound reasons, however, for limiting the *Allen* rationale, and § 841, to a requirement of finality in the court of appeals.

The finality requirement in § 841 is not directed at fairness but at judicial economy. The defendant with valid objections to his prior conviction would not suffer significantly if only trial court finality were required. He would be entitled to vacation of

the enhancement once his prior conviction was overturned, as was the defendant in *Rogers*. Rather, the finality requirement reduces the risk that resentencing will become necessary. It is, as the *Allen* court noted, impossible to know what inspired Congress to add language of finality to § 841. Although it may well be that *Rogers* alerted Congress to the general problem of resentencing, we may presume that that body intended a practical solution consistent with the aims of recidivist sentencing.

Every lawyer knows that rules of construction line up on opposite sides of an endless tug of war. Thus the rule that penal statutes are strictly construed meets the rule that legislative enactments are not read so as to defeat their purposes. By providing for enhanced sentencing, Congress expressed its judgment that recidivists are to be sternly dealt with. Certainly one who returns to his old ways immediately after judgment has been passed on them is more worthy of enhanced sentencing than one who resists for years before backsliding. Yet the finality requirement works to the advantage of rapid-fire recidivists, forcing courts to delay sentencing or forego enhancement.

 This cost must be weighed against the advantages of various degrees of finality. Requiring that the prior conviction be beyond the defendant's appeal as of right to the court of appeals would eliminate most resentencing problems. The marginal advantage in extending this requirement to certiorari review, so rarely available, would not justify the added delay. Nor would this extension eliminate the problem, as habeas corpus relief from the prior conviction would still compel resentencing. Considering the policies behind § 841, I conclude that petitioner's prior conviction was "final" at the time I sentenced him for his second offense.[2]

## II. *Noncompliance with 21 U.S.C. § 851(b).*

Prior to sentencing, petitioner received adequate notice that he would be treated as a second offender under § 841, and he and his counsel responded by admitting the prior conviction. However, I neglected to warn petitioner, as required by § 851(b), that failure to challenge his prior conviction before me when I imposed sentence would bar him from doing so later in an attack on his enhanced sentence. This omission, petitioner contends, requires resentencing.

The Supreme Court rejected a similar contention in *Hill v. United States*, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). In *Hill*, a trial judge had imposed sentence without first informing the defendant of his right to make a statement as required by Federal Rule of Criminal Procedure 32(a). The Supreme Court refused to disturb the sentence. Defendant was not entitled to relief under 28 U.S.C. § 2255 because the error was not jurisdictional or constitutional, and the sentence did not exceed the legal maximum. Nor was the sentence "otherwise subject to collateral attack," in the meaning of § 2255, because the defendant alleged no prejudice from the error. Said the Court:

> "It is to be noted that we are not dealing here with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed. Nor is it suggested that in imposing the sentence the District Judge was either misinformed or uninformed as to any relevant circumstances. Indeed, there is no claim that the defendant would have had anything at all to say if he had been formally invited to speak."

368 U.S. at 429, 82 S.Ct. at 472.

Petitioner relies not only on § 2255 but also on Federal Rule of Criminal Procedure 35, which provides, in pertinent part:

---

**2.** Although petitioner has not raised the issue, I note that § 841(b), read in over literal fashion, requires finality at the time the defendant *commits* the second offense, rather than when he is sentenced for it. The literal reading would be unreasonable here, as it would create a loophole that Congress could not have intended. It is sufficient that the prior conviction occur before the second offense, and that finality in the court of appeals exist before sentencing.

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

Because Mr. Williams did not bring this petition within the time specified in Rule 35 for a reduction of sentence, he must rely on the first clause of that rule and allege that his sentence was itself illegal. The Court in *Hill* rejected a similar argument:

"But, as the Rule's language and history make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal *sentence*, not to reexamine errors occurring at the trial or other proceedings prior to the imposition of sentence. The sentence in this case was not illegal. The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect."

368 U.S. at 430, 82 S.Ct. at 472 (emphasis in original) (footnotes omitted).

■ The logic of *Hill* controls this case. Petitioner has not alleged that I restrained him from challenging his prior conviction, that I was misinformed, or that he wished then or wishes now to challenge that conviction.[3] The only prejudice he alleges is, first, that the enhancement was based on a non-final prior conviction; and, second, that the enhancement itself constitutes prejudice, since the omitted warning was a legal prerequisite. The first allegation I have already answered, the second is wholly circular. In order to show prejudice, petitioner must at least show how he might have benefitted from the warning had it been given. This he has not done.

The Supreme Court in *Hill* rejected a prophylactic rule that would require resentencing for non-prejudicial violations of

Rule 32(a). Prophylaxis is even less necessary under § 851, where prejudice from non-compliance should be easier to ascertain than under Rule 32(a). A defendant asserting prejudice under § 851 could show that his prior conviction was legally unsound, while his counterpart under Rule 32(a) must argue the intangibles of a judge's reaction to the mitigating circumstances that might have been asserted.

Ninth Circuit precedent does not require a contrary result. In *United States v. Harris*, 592 F.2d 1058 (9th Cir. 1979), the court upheld an enhanced sentence imposed under § 7237, predecessor to § 841. Although § 7237(c)(2) appeared to require that the defendant himself admit or deny his conviction, the Ninth Circuit ruled that this requirement was satisfied when the defendant's attorney admitted the conviction in the presence of the defendant, and the defendant had an opportunity to speak. The court declined to follow *United States v. Garcia*, 526 F.2d 958 (5th Cir. 1976), a case apparently requiring strict compliance under § 851:

"*Garcia* provided no rationale as to why strict, rather than substantial, compliance with the statute is required and did not discuss whether the defendant had been prejudiced. *Garcia* is not persuasive authority."

592 F.2d at 1060.

The *Harris* court also distinguished its earlier opinion in *United States v. Garrett*, 565 F.2d 1065 (9th Cir. 1977), *cert. denied*, 435 U.S. 974, 98 S.Ct. 1620, 56 L.Ed.2d 67 (1978), where it had vacated an enhanced sentence imposed without compliance with § 851(b). The *Garrett* opinion does not reveal the nature of the noncompliance or whether any prejudice resulted. Said the court in *Harris*:

"Harris had the opportunity to affirm or deny the prior conviction when his

---

**3.** Under § 851, if the defendant denies the existence or validity of the prior conviction, or any other aspect of the enhancement, he must respond in writing. The court must then hold an evidentiary hearing on the issues raised. The defendant must prove by a preponderance of evidence any disputed fact supporting a claim that the prior conviction was unconstitutional, and the government must resolve beyond a reasonable doubt any other fact issue raised. All issues are determined by the sentencing judge without a jury. 21 U.S.C. § 851(c)(1).

attorney made the identification and Harris failed to object. The court did not prevent him from denying the prior conviction. In fact, when asked by the court whether he wished to make a statement Harris stated that he did not wish to speak. Even now he does not deny that the information was correct.

. . . . .

"*Garrett* did not present any of the underlying facts relevant to this issue nor did it state what standard it was applying. The decision might have been addressed to a set of facts quite different from that at issue here. For example, the trial court might have failed to announce the contents of the information at the sentencing hearing. *Garrett* is not helpful in resolving the issue presented here."

592 F.2d at 1061.

■ In distinguishing *Garcia* and *Garrett*, the Ninth Circuit was clearly influenced by the lack of prejudice caused by noncompliance in *Harris*. Although omission of the warning required by § 851 cannot be called insubstantial, neither was it prejudicial in this instance. At the time of sentencing, petitioner had unsuccessfully appealed his prior conviction to the Ninth Circuit. He does not allege that, had he received proper warnings, he would have revived his challenge before me.

The motion to correct sentence is DENIED, with leave to amend within 30 days. Any such amendment must state all legal or factual grounds upon which petitioner would have challenged his prior conviction before me, had he received the warning under § 851.

It is so ORDERED.