**UNITED STATES of America, Plaintiff,**

v.

**Jerry Wayne WOOLBRIGHT, Defendant.**

No. 86–128CR(1).

United States District Court, E.D. Missouri, E.D.

Oct. 24, 1986.

Debra E. Herzog, Asst. U.S. Atty., St. Louis, Mo., for plaintiff.

Norman S. London, Larry Fleming, St. Louis, Mo., for defendant.

## DETERMINATION AND MEMORANDUM

NANGLE, Chief Judge.

IT IS HEREBY DETERMINED that defendant Jerry Wayne Woolbright is not subject to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1) applicable to persons convicted of prior drug felonies.

By indictment, the United States charged defendant Woolbright with two counts of violating 21 U.S.C. § 841(a) (a third count being dismissed before trial). Prior to the commencement of the trial in this matter, the United States filed a Criminal Information with the Court charging that defendant Woolbright has previously been convicted of possession of cocaine in violation of Cal.Health & Safety Code § 11351. The United States attached to the Criminal Information a certified copy of the records of the Superior Court of California, County of Los Angeles. These records reveal (1) that defendant pleaded nolo contendre to a violation of Cal. Health & Safety Code § 11351 on December 9, 1985, and (2) that

defendant filed a notice of appeal on January 14, 1986.

After a trial, the jury rendered a guilty verdict herein against defendant on both counts for violation of 21 U.S.C. § 841(a). The Government seeks to have defendant sentenced pursuant to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1) applicable to persons convicted of prior drug felonies.

Pursuant to 21 U.S.C. § 851(c)(1), defendant filed a response to the United States' Criminal Information. Defendant contends that he is not subject to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1) because, *inter alia,* his California conviction is on appeal and is therefore not "final."

21 U.S.C. § 841(b)(1) provides in pertinent part:

> If any person commits such a violation [of 21 U.S.C. § 841(a)] after one or more prior convictions of him ... for a felony under any ... other law of a state ... relating to narcotic drugs, marihuana, or depressent or stimulant substances, have become final, such person shall be sentenced to [an enhanced sentence].

■ By its terms § 841(b)(1) requires that a prior conviction be "final" at the time the defendant commits the predicate § 841(a) offense in order for the defendant to be subject to an enhanced penalty. Defendant Woolbright's prior conviction is presently on direct appeal. A prior conviction is not final for purposes of § 841(b)(1) enhanced sentencing until direct appellate review, including appeals as of right and discretionary appeals, are completed. *Williams v. United States,* 651 F.2d 648 (9th Cir.1981); *United States v. Allen,* 566 F.2d 1193 (3rd Cir.1977). While an appeal is pending, the defendant is not considered as having been convicted. 566 F.2d at 1195. In *United States v. Allen,* 566 F.2d 1193 (3rd Cir.1977), the court held that the defendant was not subject to an enhanced penalty under § 841(b)(1) because his prior conviction was not final at the time of trial in that an appeal was still pending before the Tenth Circuit, even though his prior conviction had become final by the time of his appeal to the Third Circuit. *Id.* at 1195 n. 2.

Defendant Woolbright's prior conviction is on direct appeal. Therefore, defendant Woolbright does not have a prior conviction which was "final" at the time he violated § 841(a) or at the time of his trial. Thus, the Court determines that defendant Woolbright is not subject to the enhanced penalty provisions of § 841(b)(1). The Court will sentence defendant Woolbright without regard to his prior California conviction. 21 U.S.C. § 851(d)(2). If the United States Attorney so requests, the Court will postpone sentencing of defendant Woolbright in order to allow an appeal from the determination herein. 21 U.S.C. § 851(d)(2).