897 F.2d 1168
 283 U.S.App.D.C. 146
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Maurice V. SMITH, Appellant.
 No. 89-3102.
 United States Court of Appeals, District of Columbia Circuit.
 March 13, 1990.
 
 Before RUTH B. GINSBURG, D.H. GINSBURG, and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant a published opinion. See D.C.Cir.R. 14(c). Substantially for the reasons stated in the district court's March 23, 1989 Memorandum and Order, and in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 MEMORANDUM
 
 4
 Appellant Maurice V. Smith argues first that evidence recovered from a search of an apartment should have been suppressed because the police violated the District of Columbia's knock and announce prescription by failing to wait long enough before forcing the door. Smith next contends that an incriminating statement he made while in custody should have been suppressed because the statement was coerced by an implied threat that his girlfriend, the mother of his child, would be prosecuted. Smith further attacks the district court's refusal to sever the two counts against him. Finally, Smith maintains that the district judge improperly enhanced Smith's sentence because of his prior conviction of a drug offense, for which he received a term of probation under the District of Columbia Youth Rehabilitation Act, D.C.Code Sec. 24-803(a). Finding no reversible error, we affirm the conviction and sentence.
 
 
 5
 The district court properly rejected Smith's argument that the police violated the knock and announce statute.[1] The district court credited police officer testimony that the officers knocked, declared they had a warrant, and waited ten seconds, during which they heard no sound, before they forced the apartment door. The court held that such a ten-second wait, when a warrant to search for drugs is served mid-day on a holiday weekend, satisfies the refusal of admittance requirement of the statute. We consider ten seconds accompanied by silence, following an unrepeated knock, to verge on the minimum acceptable wait under the statute. The police risked violation of the statute by operating so close to the line. Considering all the circumstances of this case, however, we agree with the district court that the search was lawful. See United States v. Wysong, 528 F.2d 345, 348 (9th Cir.1976); see also Wood v. United States, 879 F.2d 927, 933 (D.C.Cir.1989) (fifteen-second wait, accompanied by silence, constitutes refusal to admit); United States v. Bonner, 874 F.2d 822, 826 (D.C.Cir.1989) (eleven-second wait, accompanied by noise). We take into account on this issue the district court's alternate reliance on defense evidence: defendant's aunt testified, both on direct and cross examination, that she opened the door for the police. The knock and announce statute prohibits only forcible entry.
 
 
 6
 The district court also found that the incriminating statement Smith claims should have been suppressed was made voluntarily after Smith was apprised of his right to remain silent. Smith now argues, although he failed to raise this contention in the district court, that his remarks were coerced by an implied threat that the government would prosecute his girlfriend, the mother of his child. This contention is too late and too little. Because Smith did not present this argument in his motion to suppress before the district court, he is precluded from urging the objection on appeal. See Fed.R.Crim.P. 12(b)(3), (f); United States v. Restrepo-Rua, 815 F.2d 1327, 1329 (9th Cir.1987) (per curiam). In any event, the only evidence of an implied threat is the presence of Smith's girlfriend, who had also been arrested, in the same area of the station when Smith made his incriminating comments. Smith made the inculpatory remarks in response to a purely informational statement by a police officer. That officer intended only to inform Smith of the details of the crimes for which he would be charged and not to elicit any response. Moreover, because Smith's girlfriend had already been arrested, any "implied threat" would have lacked much force. These facts clearly distinguish the sole case on which Smith relies. See United States v. Griffin, 572 F.Supp. 126 (D.D.C.1983) (suppressing incriminatory response to joint interrogation of defendant and girlfriend at defendant's home).
 
 
 7
 The district court's denial of Smith's motion for severance was also proper. Smith was charged in one count with possession of crack cocaine found in his residence and in a second count with possession of crack found in the apartment in which he was arrested and from which the crack was apparently being sold. The prosecution argued to the jury that, in conformity with a common practice among drug dealers, Smith used his residence to store drugs, which he sold from the apartment in which he was arrested. The two counts therefore "constitut[ed] parts of a common scheme or plan," as the district court held. Joinder was appropriate, and severance was not required. See Fed.R.Crim.P. 8(a), 14; Drew v. United States, 331 F.2d 85, 90 (D.C.Cir.1964). In any event, because Smith was convicted on only one of the two counts, and the evidence of his guilt was substantial, any error would rank as harmless. See United States v. Lane, 474 U.S. 438, 449 (1986).
 
 
 8
 Turning now to Smith's final argument, we note that Smith did not contest the propriety of his sentence enhancement in the district court. However, when Smith acknowledged his prior conviction in that court, he was not advised that failure to challenge the conviction would result in a waiver. See 21 U.S.C. Sec. 851(b). We need not remand, however, because Smith's challenge is both purely legal and unavailing. Cf. United States v. Jordan, 810 F.2d 262, 269 (D.C.Cir.) (remanding for failure to comply with section 851(b)), cert. denied, 481 U.S. 1032 (1987).
 
 
 9
 Smith argues that his prior conviction, for which he was sentenced to probation under the District of Columbia Youth Rehabilitation Act, was not a proper basis for sentence enhancement. In Tuten v. United States, 460 U.S. 660 (1983), the Supreme Court rejected a similar argument and held that a sentence of probation under the Federal Youth Corrections Act, which is identical to D.C.'s Rehabilitation Act, can be used to enhance a subsequent sentence pursuant to D.C.Code Sec. 22-3204.[2] Smith notes, however, that 21 U.S.C. Sec. 841(b)(1)(A), which the district court used to increase Smith's sentence, mandates enhancement only if a prior conviction "has become final." Smith contends that the imposition of probation under D.C.'s Youth Act prevented his first conviction from attaining finality.
 
 
 10
 We cannot agree. We discern no intent in the Act to alter the finality of a conviction in the sense relevant here. Indeed, the Supreme Court held in Tuten that a Federal Youth Act conviction is not automatically set aside or expunged upon completion of probation. See Tuten, 460 U.S. at 666-67. Smith's counsel acknowledged at oral argument that, under his reading of the statutory scheme, a judgment of conviction attended by probation would remain not "final" unless the court affirmatively revoked the probation, or set aside or expunged the conviction. We think this reading imaginative but unacceptable. Several of our sister circuits have concluded that section 841(b)(1)'s finality requirement is designed to prevent enhancement based on a prior conviction that remains subject to direct attack. See United States v. Lippner, 676 F.2d 456 (11th Cir.1982); Williams v. United States, 651 F.2d 648 (9th Cir.1981); United States v. Allen, 566 F.2d 1193 (3d Cir.1977), cert. denied, 435 U.S. 926 (1978). Once ordinary avenues of appeal have been exhausted, or the time to appeal has expired, the judgment becomes final in the sense that word is used in section 841(b)(1)(A).
 
 
 
 [1]
 The statute, which governs the execution of search warrants in the District of Columbia in cases involving controlled substances, provides:
 The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance.
 D.C.Code Sec. 33-565(g).
 
 
 [2]
 D.C.Code Sec. 22-3204 requires an enhanced sentence for a firearms conviction if the defendant has been convicted of a prior firearms violation or a felony