

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2002

# USA v. Padilla

Precedential or Non-Precedential: Non-Precedential

Docket No. 00-1216

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Padilla" (2002). *2002 Decisions.* Paper 427.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/427

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 00-1216


UNITED STATES OF AMERICA,
                                Appellee
                v.

                DAVID PADILLA,
                                Appellant
                        _____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 96-cr-606)
District Judge:  Honorable Charles R. Weiner
                        _____


Submitted Under Third Circuit L.A.R. 34.1(a)
July 16, 2002
Before:  McKEE, WEIS, and DUH1,*  Circuit Judges.

Filed: July 23, 2002
                        _____


OPINION


_____

        *The Honorable John M. Duh , Jr., United States Circuit Judge for the
Fifth Circuit Court of Appeals, sitting by designation.

WEIS, Circuit Judge.

        Petitioner David Padilla has filed this section 2255 motion raising three
issues:

                1.   The District Court lacked jurisdiction to enhance his sentence
        because his prior two convictions were not "final" at the time of the
        indictment in this case;

                2.   No evidence was presented that Padilla "carried" a firearm in
        conjunction with a drug trafficking crime; and

                3.   Appellate counsel on direct appeal was ineffective in failing to
        challenge the validity of the prior convictions and their use as
        enhancement.  Moreover, the petitioner asserts that counsel failed to
        contest the "carrying of a firearm."

        The District Court found that the prior convictions under 21 U.S.C.
841(a)(1) were obtained more than five years previous to the current indictment and,
therefore, were not subject to challenge under 21 U.S.C.  851(e).  The Court also
concluded that because Padilla knew of the presence of guns in a secret compartment in
the van he was driving to deliver cocaine, the "carrying" element of 18 U.S.C.  924(c)

had been satisfied.  Finally, the District Court held that the defendant's counsel was not ineffective for failing to raise the section 851(e) and section 924(c) claims because the Court ultimately found no merit in those arguments.

Padilla was indicted in December 1996 and convicted of various drug offenses in 1997.  He was sentenced to life imprisonment plus five years based on two prior drug convictions and his carrying a firearm during a drug trafficking offense.  The conviction was affirmed by this Court on January 14, 1999, No. 97-1983. In that appeal, defendant challenged only the statements he made after the police had stopped his vehicle.  We did note in that case, however, that Padilla had motions pending contesting the validity of the two prior convictions used for sentence enhancement.

21 U.S.C.  851 applies to enhancement of sentences.  Specifically, it provides that a conviction occurring more than five years before the then-current indictment may not be challenged.  21 U.S.C.  851(e).

Here, the defendant's first prior conviction had occurred in April 1987.  Although the sentence had originally been suspended, his probation was revoked on July 18, 1988, and the defendant was sentenced to three years imprisonment because of a second drug conviction.  Defendant subsequently filed a section 2255 petition in 1997, which was denied in 1999.  A request for a certificate of appeal on this petition was denied.

The second prior conviction occurred on June 15, 1988.  Defendant was sentenced to five years imprisonment with six years of supervised release.  In April 1997, defendant filed a section 2255 petition asserting that according to the plea bargain, the supervised release was not to exceed three years.  In August 1999, the District Court reduced the supervised release to three years.  A request for a certificate of appeal from this ruling was denied.

Defendant contends that because section 2255 petitions were pending at the time of the indictment in the case presently before us, they could not be considered prior final convictions for enhancement purposes under 21 U.S.C.  851.  Consequently, defendant asserts that the District Court lacked jurisdiction to impose an enhanced sentence.

In United States v. Allen, 566 F.2d 1193, 1195 (3d Cir. 1977), we construed the word "final" in section 841 as "the conclusion of direct appellate review."  Hence, the pending section 2255 petitions did not deprive the prior convictions of finality because his direct appeals had been concluded.  In addition, the reduction of the supervised release term did not affect the validity of the second conviction.  Even if the supervised release had been entirely eliminated, the conviction would nevertheless have been final.

The District Court was also correct in finding that defendant was "carrying" a gun under the terms of section 924(c).  In Muscarello v. United States, 524 U.S. 125, 126-27 (1998), The Supreme Court held that the phrase "carries a firearm" is not limited to having a gun on the person; rather, it also "applies to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies.")

Furthermore, the claim of ineffective assistance of counsel also fails because the points that counsel did not raise were not valid in any event.  See Strickland v. Washington, 466 U.S. 668, 691-92 (1984) ("[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.").

Accordingly, the judgment of the District Court will be affirmed.  _____

TO THE CLERK:

Please file the foregoing Opinion.


_/s/ Joseph F. Weis Jr.____
United States Circuit Judge