UNITED STATES of America, Appellant,

v.

Diane B. MERAZ, a/k/a R. Mena, Arturo A. Garcia, a/k/a Chris Garcia, George T. Millward, Theodore F. Stremp.

No. 92–3624.

United States Court of Appeals,
Third Circuit.

Argued May 4, 1993.

Decided July 7, 1993.

Thomas W. Corbett, Jr., U.S. Atty., Bonnie R. Schlueter (argued), Asst. U.S. Atty., Pittsburgh, PA, for appellant.

Thomas S. White, Federal Public Defender, Karen S. Gerlach (argued), Asst. Federal Public Defender, Pittsburgh, PA, for appellee Meraz.

Before: COWEN, ROTH, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROTH, Circuit Judge.

### I.

Diane Meraz was convicted in 1992 of a federal drug offense. Federal statute provides for enhanced sentencing for repeat drug offenders whose prior convictions have become final. *See* 21 U.S.C. § 841(b)(1)(B). Meraz was previously convicted on two felo-

ny drug charges in New Mexico in 1989. The New Mexico court deferred Meraz's sentence for a two-year probationary period. The government moved to increase Meraz's sentence for her 1992 offense in light of her prior state conviction. The district court held that Meraz's prior conviction was not a "final" conviction under the federal statute and denied the government's motion. The government appeals.

## II.

On March 24, 1992, Diane Meraz and three co-conspirators received a shipment in Pittsburgh of roughly 500 pounds of marijuana that had been transported in a Ryder truck from El Paso. Unfortunately for Meraz, the Ryder truck had picked up federal agents along the way. The Missouri Highway Patrol had discovered the truckload of drugs in Missouri and law enforcement officials followed it straight to Meraz. The police promptly arrested Meraz and her three co-conspirators. Meraz agreed to cooperate with the police and pled guilty on June 16, 1992, to conspiracy to distribute in excess of 100 kilograms of marijuana. Meraz's co-conspirators had planned to distribute the marijuana in the Pittsburgh area. Meraz's role in the conspiracy involved renting a truck in El Paso, paying the driver in advance to make the trip, and arranging for the transfer of the marijuana after it had arrived in Pittsburgh.

The federal district court held an initial sentencing hearing on September 11, 1992, at which the government moved for an enhanced sentence based on Meraz's prior conviction in New Mexico. Meraz pled nolo contendere to two felony charges in New Mexico for marijuana possession and conspiracy on June 6, 1989. Meraz had been arrested at the U.S.–Mexico border as she attempted to drive a car into New Mexico that contained roughly 185 pounds of marijuana in the trunk. The New Mexico court entered a judgment of guilty on both counts and deferred her sentence for a two-year probationary period. After the successful completion of her probation on June 6, 1991, Meraz was entitled to have the state dismiss the charges against her.

The district court held that Meraz's prior conviction under New Mexico law did not constitute a final conviction for sentence enhancement purposes under 21 U.S.C. § 841(b)(1)(B). The government promptly appealed this ruling and the district court did not impose a sentence pending the appeal. On October 27, 1992, this Court ordered that the appeal be stayed "pending entry of a sentencing order." Meanwhile, on September 29, 1992, a New Mexico state court judge approved the dismissal with prejudice of the 1989 state drug charges against Meraz. On November 20, 1992, the federal district court held a final sentencing hearing at which Meraz was sentenced to sixty months imprisonment, the mandatory statutory minimum for her crime. The government appeals the district court's denial of its motion to increase Meraz's sentence in light of her prior conviction in New Mexico.

## III.

The jurisdiction of the district court rested on 18 U.S.C. § 3231. This Court's jurisdiction over an appeal challenging a denial of sentence enhancement based upon a prior conviction arises from 21 U.S.C. § 851(d)(2). Our appellate jurisdiction over this matter also rests upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b). We are reviewing a conclusion of law by the district court which was based upon statutory construction; thus, the standard of review is plenary. *Manor Care, Inc. v. Yaskin*, 950 F.2d 122 (3d Cir.1991).

### A. *"Finality" under the federal repeat offender statute*

■ The federal statutory provision at issue here states, in pertinent part:

> If any person commits such a violation after one or more prior convictions ... for a felony under any other provision of this subchapter ... or other law of a State ... relating to narcotic drugs, marijuana, or depressant or stimulant substances, have become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years....

21 U.S.C. § 841(b)(1)(B). The interpretation of 21 U.S.C. § 841(b)(1)(B) is a matter of federal, rather than state, law. *United*

*States v. Morales,* 854 F.2d 65, 68 (5th Cir. 1988). We have previously considered the meaning of a "final" prior conviction for purposes of sentence enhancement under 21 U.S.C. § 841(b)(1)(B) in *United States v. Allen,* 566 F.2d 1193 (3d Cir.1977), *cert. denied,* 435 U.S. 926, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). The defendant in *Allen* had previously been convicted of a drug offense, but an appeal of his prior conviction was still pending before the Tenth Circuit. The *Allen* court noted that the intention of Congress in limiting the application of § 841(b)(1)(B) to those whose prior convictions "have become final" probably arose from several cases in which criminals had to be resentenced in light of the reversal of convictions that had previously subjected them to the repeat offender statute. The court concluded that Congress "intended to avoid that problem by limiting recidivist sentencing to cases in which the conviction has become final, in the sense that the time for appeal has expired or a pending appeal has been disposed of." 566 F.2d at 1195. Two other federal courts of appeal have joined the Third Circuit in concluding that the finality requirement of § 841(b)(1)(B) was intended to prevent sentence enhancement based on a prior conviction that remains subject to direct attack on appeal. *See United States v. Lippner,* 676 F.2d 456 (11th Cir.1982); *Williams v. United States,* 651 F.2d 648 (9th Cir.1981).

*Allen* did not directly consider for the purposes of § 841(b)(1)(B) the question of the "finality" of a prior conviction that was subject to dismissal following probation. However, two other federal courts of appeal and one federal district court, relying in part on *Allen,* have held that convictions that were subject to expungement after probation became "final" when the time for appeal passed. *See United States v. Campbell,* 980 F.2d 245, 251 n. 9 (4th Cir.1992); *United States v. Morales,* 854 F.2d 65, 69 (5th Cir. 1988); *United States v. Petros,* 747 F.Supp. 368, 372 (E.D.Mich.1990).[1]

Meraz's prior conviction was a final order subject to appeal which she chose not to appeal. A court order imposing a deferred sentence in New Mexico is an appealable final judgment. 1978 N.M.Laws § 31–20–10. Meraz did not take an appeal from her deferred sentence and the time for appeal had passed before her federal sentencing. *See* D.Ct.Findings of Fact and Conclusions of Law, September 14, 1992, at 5–6. Thus, as the test for finality under § 841(b)(1)(B) is whether a prior conviction is subject to attack on direct appeal, Meraz's prior conviction had become final and her sentence should have been enhanced pursuant to § 841(b)(1)(b).

## B. *New Mexico's repeat offender statute*

■ While the interpretation of § 841(b)(1)(B) is a matter of federal law, the operation of New Mexico law nevertheless sheds some light on the intended effect of Meraz's prior state conviction and deferred sentence. Under the New Mexico deferred sentence statute, once the probationary period is complete, the offender "has satisfied his criminal liability for the crime, [and] the court shall enter a dismissal of the criminal charges." 1978 N.M.Laws § 31–20–9. A convicted felon with a dismissed sentence who successfully completes his probationary period also automatically regains the right to vote and to carry firearms. 1973 Op. N.M.Att'y Gen. 73–44; 1988 Op.N.M.Att'y Gen. 88–03.

■ However, New Mexico's habitual criminal statute imposes enhanced penalties on convicted felons even if the charges against them have been dismissed pursuant to the deferred sentence statute. The New Mexico Supreme Court has stated that a deferred sentence which was later dismissed can be counted under the habitual offender statute, as the prior "conviction" referred to in the habitual offender statute "is simply a finding of guilt and does not include the imposition of a sentence." *State v. Larrana-*

---

1. Meraz argues that these cases can be distinguished because the defendants each committed their second offense during the probationary period for their first offense and thus ensured that their prior convictions would not be expunged.

For the policy reasons discussed in Section C below, we do not find this factual distinction between these cases and Meraz's to be significant.

*ga,* 77 N.M. 528, 529, 424 P.2d 804, 805 (1967). It is the fact of a prior conviction, not a prior sentence, that is dispositive. Thus, the New Mexico deferred sentence statute does not erase a prior conviction for the purposes of the state habitual offender statute, and Meraz would be subject to an enhanced sentence for a second offense if she should commit one under New Mexico law. *See Padilla v. State,* 90 N.M. 664, 568 P.2d 190 (1977).[2]

### C. *Policy concerns underlying repeat offender statutes*

 Our result supports the general purpose of habitual offender statutes, which is to deter convicted criminals from committing crimes and to incarcerate for longer periods those who have shown an inclination to commit crimes. *See Petros,* 747 F.Supp. at 376; *State v. Edmonson,* 112 N.M. 654, 658, 818 P.2d 855, 859 (App.1991). We concur with the conclusion of the Fourth Circuit in *Campbell* that "[t]o treat a deferred sentence as something other than a 'prior conviction' would 'completely frustrate the policy behind the enhancement provisions of the federal statute, i.e., to penalize and deter repeat offenders.'" 980 F.2d at 251 (quoting *Petros,* 747 F.Supp. at 376). Thus, we cannot agree with the district court's conclusion that Meraz is still entitled to enjoy the benefits of New Mexico's deferral statutes, even after she committed a second felony drug offense.

The district court's analysis failed to give proper weight to the intended operation of habitual offender statutes, such as New Mexico's statute and the federal statute at issue. Meraz was given a second chance by New Mexico on the condition that she simply refrain from committing further felonies. Meraz's conviction on a second drug conspiracy offense involving more than 100 pounds of marijuana clearly shows that she failed to abandon her criminal activity after her first conviction. The general purpose of deferred sentence statutes is "to permit first offenders the opportunity to learn from their mistakes and to give them a second chance by expunging their records." *Campbell,* 980 F.2d at 251. However, when an individual has been given an opportunity to reform his or her conduct and instead commits another crime, the imposition of an enhanced sentence is appropriate.

### IV.

For all the reasons discussed above, we will reverse the district court's holding that Meraz's prior conviction was not a final conviction for the purposes of 21 U.S.C. § 841(b)(1)(B), and we will remand for resentencing consistent with this opinion.

---

**2.** In her brief on appeal, Meraz directs the court's attention to a New Mexico statute entitled "Conditional discharge for possession as first offense." N.M.Stat.Ann. § 30–31–28 (Michie 19—). Under this section, no judgment of guilty is entered. N.M.Stat.Ann. § 30–31–28(A). Instead, the court defers further proceedings and places an offender on probation not to exceed one year. *Id.* It is clear that Meraz's case in New Mexico did not proceed under this statute because (1) she did not qualify in that she pled nolo contendere to both possession *and* conspiracy to distribute; (2) the court entered a judgment of conviction; and (3) she was given a two-year probationary period.

It is illuminating, however, to contrast this statute with the New Mexico provisions permitting the type of sentence deferral Meraz received, N.M.Stat.Ann. §§ 31–20–3 to –6, –9 to –10. First, section 30–31–28(D) articulates a procedure by which a person who was under the age of 18 at the time of the offense may obtain an expungement. There is no such provision under the deferral statutes, which provide only that the

criminal charges shall be dismissed if the probationary period is successfully completed. N.M.Stat.Ann. § 31–20–9. Further, section 30–31–28(C) provides that a discharge or dismissal under the first offender statute is not a conviction for purposes of enhancing penalties for a second offense. (As noted above, a court proceeding under the first offender statute does not enter a judgment of guilty.) There is no such provision under the deferral statutes (which require the entry of a judgment of conviction before an order deferring sentence may be entered, N.M.Stat. Ann. § 31–20–3). In summary, under the first offender statute, no judgment of conviction is ever entered if the probationary period is successfully completed, and certain offenders may obtain expungement. Under the deferral statutes, a conviction is entered regardless of whether the probationary period is successfully completed, and there is no provision for expungement. Given these circumstances, it is extremely doubtful that New Mexico intended the benefit afforded Meraz under the deferral statutes to rise to the level of expungement.