48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Joseph VOYLES, Defendant-Appellant.
 No. 94-4074.
 United States Court of Appeals, Tenth Circuit.
 March 3, 1995.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, BALDOCK, Circuit Judge, and VAZQUEZ,[2] District Judge.
 Michael J. Voyles appeals the district court's imposition of an enhanced sentence under 21 U.S.C. 841(b)(1)(B). He contends that the state drug offense underlying the enhancement was not a final conviction as required by the statute. We affirm.
 Mr. Voyles was charged in a three-count indictment with violating 21 U.S.C. 841(a)(1) for possessing methamphetamine with intent to distribute, 18 U.S.C. 924(c)(1) for using and carrying a firearm during and in relation to a drug offense, and 18 U.S.C. 922(g) for possessing a firearm after a felony conviction. These charges arose out of a traffic stop on September 30, 1993, during which methamphetamine and a gun were discovered in the vehicle Mr. Voyles was driving. He pled guilty to the first two counts and the third one was dismissed. The district court imposed an enhanced ten-year sentence for the section 841(a)(1) violation and a five-year consecutive sentence for the section 924(c)(1) violation.
 Prior to sentencing the government had filed an amended information indicating its intention to rely for sentencing enhancement purposes on two prior state drug convictions, one from California[3] and one from Utah. Mr. Voyles, who was on probation on the Utah offense at the time he committed the instant crimes, argued below that the Utah offense could not be used because it was not final as required by section 841(b)(1)(B). The district court disagreed, stating that although enhancement resulted in an unnecessarily harsh sentence, Mr. Voyles' argument was foreclosed by our decision in United States v. Short, 947 F.2d 1445 (10th Cir.), cert. denied, 112 S.Ct. 1680 (1991). We agree.
 The sentence on Mr. Voyles' section 841(a)(1) conviction was enhanced pursuant to section 841(b)(1)(B), which requires imposition of a mandatory minimum sentence of ten years when the violation is committed, inter alia, "after one or more prior convictions ... for a felony under any ... law of the United States ... [has] become final." Id. (emphasis added). The sentencing court here relied on Mr. Voyles' felony conviction in Utah state court for unlawfully possessing methamphetamine. Mr. Voyles was originally charged in that proceeding with a second degree felony. He entered into a plea agreement which stated:
 In exchange for the plea of guilty to the Third Degree Felony of knowingly and intentionally possessing methamphetamines, the original charge of Second Degree Felony of possession of methamphetamines with intent to distribute would be reduced and in addition at that time, [the State would not oppose][4 a motion to enter conviction at the next lower category of offense may be held in abeyance until termination of probation. If probation is successfully completed, the State will not oppose the motion.
 Rec., supp. vol. I, Stat. by Def. Before Pleading Guilty, at 6. Following Mr. Voyles' guilty plea in state court, the judge entered a judgment of conviction for a third degree felony, sentenced him to not more than five years in prison, and then suspended the prison term upon successful completion of thirty-six months of probation.
 Utah provides by statute that:
 If a conviction is for a third degree felony the conviction is considered to be for a class A misdemeanor if:
 ...
 (b) (i) the imposition of the sentence is stayed and the defendant is placed on probation, whether committed to jail as a condition of probation or not;
 (ii) the defendant is subsequently discharged without violating his probation; and
 (iii) the judge upon motion and notice to the prosecuting attorney, and a hearing if requested by either party or the court, finds it is in the interest of justice that the conviction be considered to be for a class A misdemeanor.
 
 
 1
 Utah Code Ann. 76-3-402 (1994 Cum.Supp.) (emphasis added).
 
 
 2
 We considered the impact of the Utah statute on the finality requirement of section 841(b)(1)(B) under similar circumstances in Short. There the defendant pled guilty in Utah state court to a third degree felony and was placed on probation. Although he was still on probation when he was arrested for the federal drug offenses at issue, his state probation was revoked after his conviction but before sentencing on the federal charges. We held that the Utah conviction was final for purposes of enhancement under section 841(b)(1)(B), pointing out that the defendant's time for appealing that conviction had expired. See Short, 947 F.2d at 1460.
 
 
 3
 Notwithstanding our result in Short, Voyles contends that his Utah conviction was not final at the time he committed the instant offenses. He asserts that the finality requirement of section 841(b)(1)(B) is ambiguous and must therefore be construed in his favor under the rule of lenity. He attempts to distinguish Short, contending that his felony conviction was not final because, under his Utah plea agreement, the felony conviction was held in abeyance until completion of probation.
 
 
 4
 Although the language in the Utah plea agreement upon which Mr. Voyles relies is not a model of clarity, in our view it cannot be read to provide that the felony conviction itself would be held in abeyance pending termination of Mr. Voyles' probation. Rather, it is the motion to enter conviction at the next lower category of offense that was to be held in abeyance until completion of probation. The State agreed not to oppose that motion if Mr. Voyles' probation was successfully completed. Our reading is borne out by the judgment of conviction entered by the Utah district judge, which stated, "It is the Judgment of the Court that the defendant is guilty of the third degree felony of possessing methamphetamines." Rec., supp. vol. I, Judgment, Sentence and Ordering Probation, at 2. The plea agreement thus did no more than assure Mr. Voyles that the State would not oppose his receipt of the benefits available under the Utah statute to those who successfully complete probation. Because we find no meaningful ground upon which to distinguish Short, we AFFIRM Mr. Voyles' enhanced sentence under section 841(b)(1)(B).[5]
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Martha Vazquez of the United States District Court for the District of New Mexico sitting by designation
 
 
 [3]
 Mr. Voyles also challenged the use of the California conviction at sentencing, arguing that because there were no state court records relating to that offense, the government could not meet its burden of proving that a drug conviction had occurred. The government made no attempt to establish the California conviction below, and the district court made no further reference to it. The government concedes on appeal that the district court's enhancement was based on the Utah drug conviction. See Brief of Aplee. at 4
 
 
 [4]
 The bracketed language is nonsensical and appears to have been erroneously inserted at this point
 
 
 [5]
 Mr. Voyles also argues that the analysis in Short is faulty. We are, of course, bound by earlier panel decisions of this court. See In re Smith, 10 F.3d 723, 724 (10th Cir.1993) (per curiam) (citing United States v. Killion, 7 F.3d 927 (10th Cir.1993)), cert. denied, 115 S.Ct. 53 (1994). We also note that other circuits have held state convictions to be final for purposes of section 841(b)(1)(B) under analogous circumstances. See, e.g., United States v. Meraz, 998 F.2d 182 (3d Cir.1993) (state conviction final even though under deferred sentence statute criminal charges would be dismissed after successful probation); United States v. Campbell, 980 F.2d 245 (4th Cir.1992) (conviction final even though under deferred sentence statute no judgment of guilt was entered when defendant sentenced to probation and proceedings would be dismissed after successful probation), cert. denied, 113 S.Ct. 2446 (1993)