

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-18-2003

# USA v. Rossin

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3155

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Rossin" (2003). *2003 Decisions.* Paper 102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 02-3155

UNITED STATES OF AMERICA

v.

WARREN ROSSIN,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-CR-564)
District Judge: The Honorable Petrese B. Tucker

_____

Submitted Pursuant to LAR 34.1
November 4, 2003

Before: McKEE, SMITH and WEIS, *Circuit Judges*

(Filed: November 17, 2003 )

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

Defendant Warren Rossin pleaded guilty to conspiring to distribute more than

1,000 kilograms of marijuana. He stipulated in a Guilty Plea Agreement to the fact that

he had a prior Texas "conviction for a felony drug offense" for which he "was sentenced

to an eight year term of probation." Based on this prior Texas conviction, the presentence investigation report indicated that the mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b)(1)(A) was applicable.[1] At sentencing in the United States District Court for the Eastern District of Pennsylvania, Rossin argued that the minimum sentence of twenty years under § 841(b)(1)(A) was not applicable because his prior Texas drug conviction, which resulted in a deferred adjudication, was not "final" as required by the statute. In addition, Rossin argued that the calculation of his offense level under the United States Sentencing Guidelines ("U.S.S.G.") should not have included an upward adjustment for an obstruction of justice under U.S.S.G. § 3C1.1 because certain letters he wrote from prison to two acquaintances were not threatening. Rossin also asserted that he was entitled, because of his guilty plea, to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

The District Court rejected Rossin's argument with regard to the finality requirement of § 841(b)(1)(A) and also enhanced Rossin's guideline calculation by two points for obstruction of justice, finding that the letters could reasonably be interpreted as threatening. As a consequence, the Court also refused to reduce Rossin's offense level by three points for acceptance of responsibility. Rossin's resulting offense level was 37.

---

[1]Section 841(b)(1)(A) provides, in relevant part, that:

> If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment. . . .

With a criminal history category of II, and without taking into account the § 841(b)(1)(A) violation, his guideline range for imprisonment would have been 235 to 293 months.[2] Consistent with the mandatory minimum of twenty years pursuant to § 841(b)(1)(A), however, the guideline range became 240 to 297 months. The District Court sentenced Rossin at the bottom of that range, *i.e.*, 240 months.

Rossin challenges the District Court's conclusion that his prior Texas conviction was final. While Rossin does not contest the District Court's finding that the letters he authored could be reasonably interpreted as threatening, he asserts for the first time, that the obstruction of justice enhancement was improper because the District Court failed to make any finding that the allegedly threatening letters obstructed or impeded the administration of justice in this case.

I.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review is plenary over the issue of whether Rossin's prior Texas conviction is "final" for purposes of 21 U.S.C. § 841(b)(1)(A). *United States v. Meraz*, 998 F.2d 182, 183 (3d Cir. 1993). We also exercise plenary review over the District Court's interpretation and application of the sentencing guidelines. *United States v. Jenkins*, 275 F.3d 283, 286 (3d Cir. 2001).

_____

[2]Rossin argues that, had the obstruction of justice enhancement not been applied and had he received the acceptance of responsibility downward adjustment, his offense level would have been 32, resulting in a substantially lower guideline range of 135 to 168 months.

We review the District Court's factual findings for clear error. *Id.* Because the basis for

Rossin's challenge to the District Court's enhancement for obstruction of justice was

raised for the first time on appeal, however, we review for plain error. Fed. R. Crim. P.

52(b). Accordingly, there must be an "error" which is "plain" and that "affects

substantial rights." *United States v. Olano*, 507 U.S. 725, 732 (1993). An error affects

substantial rights if it was prejudicial to the defendant and affected the outcome of the

district court proceeding. *Id.* at 734. A decision to correct the forfeited error is "within

the sound discretion of the court of appeals, and the court should not exercise that

discretion unless the error 'seriously affect[s] the fairness, integrity or public reputation of

judicial proceedings.'" *Id.* (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

II.

In *United States v. Meraz*, 998 F.2d at 182, we considered whether a deferred

sentence under New Mexico law constituted a "final" prior conviction for purposes of

sentencing under former § 841(b)(1)(B).[3] Under New Mexico's law, the defendant's

prior conviction had been dismissed upon successful completion of her probationary

---

[3]Section 841(b)(1)(B) was similar to § 841(b)(1)(A), providing:

> If any person commits such a violation after one or more prior convictions .
> . . for a felony under any other provision of this subchapter . . . or other law
> of a State . . . relating to narcotic drugs . . . have become final, such person
> shall be sentenced to a term of imprisonment which may not be less than 10
> years. . . .

This language was replaced in 1994 pursuant to Pub. L. 103-322, § 90105(a), and is now
the same as that in § 841 (b)(1)(A).

period. We determined, however, that the interpretation of § 841(b)(1)(B)'s language was a matter of federal law and declared that the "test for finality under § 841(b)(1)(B) is whether a prior conviction is subject to attack on direct appeal[.]" *Id.* at 184. Because the defendant had not taken an appeal from the imposition of her deferred sentence and the time for doing so had expired, we concluded that the conviction was final.

In holding that Meraz's prior conviction warranted enhancing her sentence, we were guided by the fact that even though New Mexico's law provides for the dismissal of the criminal charges upon completion of probation, the conviction itself was not erased for purposes of New Mexico's habitual offender statute. *Id.* We declared that "[o]ur result supports the general purpose of habitual offender statutes, which is to deter convicted criminals from committing crimes and to incarcerate for longer periods those who have shown an inclination to commit crimes." *Id.*

In *United States v. Vasquez*, 298 F.3d 354 (5th Cir. 2002) (per curiam), the Fifth Circuit considered a challenge to the finality requirement of § 841(b)(1)(A) raised by a defendant previously convicted under Texas law of a drug offense which resulted in a deferred adjudication. That court, relying on its own precedent in *United States v. Morales*, 854 F.2d 65 (5th Cir. 1988), declared that for "purposes of sentencing enhancement under § 841(b)(1), a conviction does not become final until the time for seeking direct appellate review has elapsed[.]" *Vasquez*, 298 F.3d at 359. After noting that Texas law afforded a defendant the right to appeal issues relating to the deferred

5

adjudication only when the deferred adjudication was first imposed, and that there was a separate and distinct right to appeal any revocation thereof,[4] the Fifth Circuit concluded that Vasquez's conviction was final because it had not been appealed within the thirty day period following his guilty plea. The Court concluded that the appropriate inquiry was whether the time for appealing the entry of deferred adjudication had passed, not whether the deferred adjudication had been revoked. *Id.*

Rossin acknowledges *Meraz*'s test for finality and *Vasquez*'s holding with regard to deferred adjudication under Texas law. He contends, however, that his conviction is not final because under the Texas statute the proceeding is deferred "without entering an adjudication of guilt." Tex. Code Ann., art. 42.12, § 5(a). Rossin's argument, while not entirely unpersuasive, ignores the context of this language. The statute provides for deferral by the tribunal only "after *a plea of guilty or nolo contendere*, hearing the evidence, and finding that it substantiates the defendant's guilt[.]" *Id.* (emphasis added); *see also Visosky v. State*, 953 S.W.2d 819, 821 (Tex. App. 1997) ("The option of deferred adjudication by its very terms is limited to those defendants who actually plead guilty or

---

[4]*See* Tex. Code Crim. Proc., Art. 42.12, § 23(b), which specifies that the right to appeal a conviction and punishment is "accorded the defendant at the time he is placed on community supervision. When he is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in a jail or in the institutional division of the Texas Department of Criminal Justice, he may appeal the revocation." *See also Manuel v. State*, 994 S.W.2d 658 (Tex. Crim. App. 1999) (en banc) (holding that issues relating to deferred adjudication order must be raised when the deferred adjudication is first imposed and may not be raised a second time if the deferred adjudication is subsequently revoked).

6

*nolo contendere* before the court after waiving a jury trial.").  Thus, there is a finding of guilt that affords the defendant a right to appeal issues regarding the merits of the offense of conviction.  Absent an appeal following that admission of guilt, the conviction is final for purposes of § 841(b)(1)(A).

Contrary to Rossin's assertion, we find *Meraz* and *Vasquez* on point.  In the absence of any evidence presented to the District Court that Rossin filed an appeal of his Texas deferred adjudication and the imposition of probation, we conclude that the conviction was final for purposes of § 841(a)(1)(A).  Accordingly, the District Court did not err by sentencing Rossin to imprisonment for the minimum term of twenty years, *i.e.*, 240 months, required by § 841(b)(1)(A).[5]

We will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

        /s/ D. Brooks Smith
        Circuit Judge

_____

[5]We need not address Rossin's challenge of the District Court's calculation of his offense level because Rossin must serve the mandatory minimum sentence of twenty years, *i.e.*, 240 months, and a recalculation of his offense level will not result in a lower guideline range.  In short, he cannot demonstrate that he was prejudiced by the District Court's enhancement and its denial of an acceptance of responsibility adjustment.