

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2008

# USA v. Warren Rossin

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1790

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Warren Rossin" (2008). *2008 Decisions.* Paper 650.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/650

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-264                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1790
_____

UNITED STATES OF AMERICA,

v.

WARREN ROSSIN
                                                  Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-00-cr-00564-002)
District Judge: Honorable Petrese B. Tucker
_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit L.A.R .27.4 and I.O.P. 10.6
July 31, 2008

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Filed : August 14, 2008)

_____

OPINION
_____

PER CURIAM

     This is an appeal from the District Court's denial of Warren Rossin's pro se

motion to suspend his court-ordered fine. For the following reasons, we will summarily

affirm. See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.

Rossin pleaded guilty to conspiring to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. § 846 and was sentenced to 240 months in prison.[1] As part of his sentence, Rossin was also ordered to pay a $5,000 criminal fine and a $100 special assessment. Rossin has paid the special assessment and currently owes $4,850 for the criminal fine. On June 23, 2004, the District Court entered an Amended Criminal Judgment which directed the Bureau of Prisons ("BOP") to deduct "15 percent of the defendant's highest monthly balance each month in order to satisfy the payment of the fine assessed by the Court." On December 17, 2007 Rossin filed a motion for relief from payment of the fine while he is incarcerated. Rossin contended that he is unable to pay the fine because of medical restrictions and insufficient prison earnings. The District Court denied his motion and his subsequent motion for reconsideration. Rossin filed a timely notice of appeal.

Under 18 U.S.C. § 3572(d), if the defendant notifies the District Court of any material change in his economic circumstances, the Court may adjust the payment schedule, or require payment in full, as the interests of justice require. In his motion, Rossin alleged only that he did not earn enough money while incarcerated because of medical restrictions and employment availability.[2] Rossin did not allege how this constituted a material change in his economic circumstances and conceded that he "has

---

[1] We affirmed Rossin's sentence on appeal. United States v. Rossin, 80 Fed.Appx. 790 (3d Cir. 2003) (nonprecedential).

[2] According to Rossin, he receives "maintenance pay" of $2.76 per month.

been medically unassigned for most of his time in prison." Moreover, Rossin did not allege how his medical condition affects his ability to comply with his sentence—payment of 15 percent of any monthly earnings toward the fine.[3] Therefore, the District Court did not err in denying Rossin's motion.[4]

Accordingly, because this appeal presents us with no substantial question, we will summarily affirm the District Court's order. See 3rd Cir. L.A.R. 27.4 and I.O.P. 10.6.

---

[3] In fact, Rossin stated in his motion that he has not made any payments recently because his income for the past six months has been less than $450.00 which, according to him, is the minimum balance required by the BOP before funds are deducted.

[4] Rossin also attempted to argue that the District Court impermissibly delegated the fine payments to the BOP. See, e.g., United States v. Corley, 500 F.3d 210, 228 (3d Cir. 2007). A motion to suspend the payment of a fine is not the proper vehicle for bringing this claim. See Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002). Even assuming, arguendo, that Rossin may bring such a claim in a § 3572 motion, his argument is without merit since the District Court set a specific payment schedule and did not improperly delegate to the BOP.