NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1574
_____

UNITED STATES OF AMERICA

v.

RUBEN MITCHELL,
                        Appellant
_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-09-cr-00105-001)
District Judge:  Honorable David S. Cercone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
Submitted on June 1, 2015

Before:  FISHER, JORDAN and SHWARTZ, *Circuit Judges*.

(Filed: August 24, 2015)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

    Ruben Mitchell appeals his final judgment of conviction and sentence, arguing

that the District Court made numerous errors before and after his trial and when it

---

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

sentenced him to 20 years' imprisonment. Because we find no errors in the District Court's rulings, we will affirm.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Mitchell was indicted in 2009 and charged with one count of knowingly, intentionally, and unlawfully attempting to possess with intent to distribute 5 kilograms or more of cocaine. A superseding indictment in 2010 added a conspiracy charge against Mitchell and 21 codefendants, and a second superseding indictment in 2012, among other things, added a codefendant and additional charges against others but not against Mitchell.

The Government contended that Mitchell attempted to transport 19 kilograms of cocaine on a February 2008 Southwest Airlines flight from Oakland, California to Pittsburgh, Pennsylvania. During a layover in Las Vegas, Mitchell's suitcase containing the drugs was mistakenly taken off the plane. Not knowing the suitcase's owner and in an effort to identify him or her, Southwest employees opened the suitcase, observed the drugs, and notified law enforcement officials, who took possession of the suitcase and drugs. Before trial, Mitchell moved to suppress the drug evidence, but the District Court denied the motion.

Also before trial, in June 2013, the Government filed an information charging Mitchell with a prior conviction under 21 U.S.C. §§ 841(b)(1)(A) and 851, making him eligible for an increased mandatory minimum sentence of 20 years' imprisonment. The District Court agreed with the Government, deciding, over Mitchell's objection, that his prior conviction made him subject to the 20-year mandatory minimum sentence.

Mitchell's trial began in September 2013, and on October 30, 2013, Mitchell was convicted of both the attempted possession and conspiracy counts. At Mitchell's sentencing, the District Court found that Mitchell had a criminal history category of I and a total offense level of 34, yielding an advisory Guidelines sentencing range of 151 to 188 months' imprisonment. But because of his prior conviction, Mitchell faced a mandatory minimum term of imprisonment of 240 months for both counts. The District Court sentenced Mitchell to concurrent terms of 240 months' imprisonment.

Mitchell timely appealed.

## II.[1]

Mitchell raises four issues on appeal. First, he disputes the District Court's decision to impose a 20-year mandatory minimum sentence. Second, he argues that the District Court should have suppressed the drug evidence recovered from the suitcase from the 2008 Southwest flight. Third, he challenges the sufficiency of the evidence to support the jury's guilty verdict. And fourth, he contends that the District Court should

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

have dismissed the indictment because his constitutional and statutory rights to a speedy trial were violated. We address these issues in turn.

## A.

Mitchell first challenges the District Court's decision to impose a mandatory minimum sentence of 20 years' imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. Section 841(b)(1)(A) provides, in relevant part, that for convictions involving 5 or more kilograms of cocaine under § 841, the punishment cannot be less than 20 years' imprisonment if the person has a "prior conviction for a felony drug offense [that] has become final." According to Mitchell, his prior offense is not a "prior conviction" within the meaning of § 841. Because Mitchell's argument raises a purely legal question, we exercise plenary review.[2]

The predicate offense here, which occurred in 1993, was possession of cocaine in violation of California Health & Safety Code § 11530(a). Mitchell pled no contest. He was placed on felony probation for 3 years and the imposition of sentence was suspended. Upon successfully completing his probation, Mitchell's conviction was set aside pursuant to California law.[3]

The meaning of the term "prior conviction" under § 841 is a matter of federal law.[4] In *United States v. Meraz*, we held that offenses that resulted in deferred sentences

---

[2] *United States v. Meraz*, 998 F.2d 182, 183 (3d Cir. 1993).
[3] Cal. Penal Code § 1203.4.
[4] *See Meraz*, 998 F.2d at 183.

and probation under state diversionary sentencing programs qualified as final prior convictions under § 841.[5] Although *Meraz* focused on the meaning of the term "final," implicit in our holding was that a defendant whose sentence is subject to expungement after serving probation also has a "prior conviction" for the purposes of § 841. Accordingly, we agree with the District Court and hold that Mitchell's 1993 drug offense is a prior conviction under § 841 based on his no contest plea, even though his sentence was suspended, he only served probation, and the offense was later set aside.[6]

B.

Next, Mitchell contends that the District Court incorrectly denied his motion to suppress the drug evidence from the suitcase. We apply a "mixed standard of review" to a district court's order denying a motion to suppress, reviewing factual findings for clear error and legal conclusions de novo.[7]

---

[5] *Id.* at 184–85.

[6] Our holding is consistent with the nearly unanimous view of our sister circuits. *See United States v. Law*, 528 F.3d 888, 911 (D.C. Cir. 2008) (per curiam) (collecting cases). We are unpersuaded by the reasoning of the one outlier case relied on by Mitchell, *United States v. Stallings*, 301 F.3d 919 (8th Cir. 2002). Although Mitchell points out that California has since passed a law allowing people convicted of certain felonies, including possession of cocaine, to apply to have their felony convictions changed to misdemeanor convictions, that does not change the fact that Mitchell had a felony conviction at the time he violated § 841. *See United States v. Boumelhem*, 339 F.3d 414, 426–27 (6th Cir. 2003) ("[A]t the time [the defendant] took the actions that would form the basis of his federal conviction, the sentencing court had not declared [his] earlier state conviction to be a misdemeanor."). Nor is there any indication that Mitchell has actually applied to change his conviction to a misdemeanor or that his application would be granted if he did apply.

[7] *United States v. Lewis*, 672 F.3d 232, 236–37 (3d Cir. 2012).

5

According to Mitchell, the District Court clearly erred when it found that Southwest employees opened the suitcase before law enforcement personnel opened it, and when the District Court found that Southwest employees were not acting as agents of law enforcement when they opened the suitcase. We disagree.

The Fourth Amendment does not apply to a search or seizure "by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official."[8] Moreover, when a private actor initiates a search, law enforcement officers may constitutionally conduct a search that does not exceed the scope of the initial private search.[9]

The District Court did not clearly err when it found that Southwest employees, not law enforcement, first searched the suitcase. The record amply supports this finding. Two Southwest employees, Jennifer O'Connor and Melissa Vallet, testified that they looked in the suitcase before any law enforcement officers did. Nor did the District Court err by finding that the Southwest employees were not acting as agents of law enforcement or at the direction of law enforcement. O'Connor testified that she opened the suitcase not for any law enforcement purpose, but "to look for the owner of the bag."[10] Moreover, Vallet testified that she observed what she believed to be cocaine in the suitcase, which she reported to law enforcement, so any subsequent search by law enforcement did not

---

[8] *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal quotation marks omitted).

[9] *Id.* at 115.

[10] S.A. 45.

6

exceed the scope of the initial private search. We therefore see no violation of Mitchell's Fourth Amendment rights and, consequently, no error in the District Court's denial of Mitchell's suppression motion.

C.

Mitchell argues further that the evidence was insufficient to sustain his convictions. We consider the evidence in the light most favorable to the prosecution, and will sustain the verdict "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[11]

We have little trouble upholding the jury's verdict. With respect to the attempted possession count, a rational juror could have concluded that the suitcase containing the drugs belonged to Mitchell and that he intended to distribute the cocaine inside. The jury was presented with evidence showing that Mitchell had a suitcase that was too heavy to place in the plane's overhead compartment, that the suitcase was checked, that Mitchell was unable to locate his suitcase when he arrived in Pittsburgh, and that Mitchell presented a baggage tag with the same number as the tag attached to the unclaimed suitcase containing cocaine in Las Vegas.

And with respect to the conspiracy count, the jury could have reasonably inferred that Mitchell was part of a drug conspiracy based on his numerous trips to Pittsburgh of short duration, his unexplained income, and the testimony of two coconspirators who

---

[11] *United States v. Perez*, 280 F.3d 318, 342 (3d Cir. 2002) (internal quotation marks omitted).

spoke of Mitchell's involvement in the conspiracy as a courier,[12] not to mention the evidence showing that Mitchell's suitcase on his final trip contained 19 kilograms of cocaine. Accordingly, we conclude that the evidence was sufficient to support the convictions.

Mitchell also moved pursuant to Federal Rule of Criminal Procedure 33 for a new trial, and the District Court denied the motion. We review a district court's denial of a motion for a new trial for abuse of discretion.[13] We find no abuse of discretion in the District Court's decision to deny Mitchell's motion, given the strong evidence of guilt.

D.

Finally, Mitchell argues that the District Court should have dismissed the indictment based on violations of his constitutional and statutory rights to a speedy trial. Our review of the District Court's legal conclusion that Mitchell's speedy trial rights were not violated is plenary, and we review the factual underpinnings of that conclusion for clear error.[14]

Again, we disagree with Mitchell. Although there was a substantial delay between Mitchell's 2009 arrest and his 2013 trial, we agree with the District Court that most of the delay is attributable to Mitchell's and his codefendants' pretrial litigation activities,

---

[12] *Perez*, 280 F.3d at 344 ("[U]ncorroborated accomplice testimony may constitutionally provide the exclusive basis for a criminal conviction. This is particularly the case where the defense has ample opportunity to cross-examine the Government's witnesses . . . ." (internal quotation marks and citations omitted)).

[13] *United States v. Quiles*, 618 F.3d 383, 390 (3d Cir. 2010).

[14] *United States v. Velazquez*, 749 F.3d 161, 174 (3d Cir. 2014).

8

ranging from changing lawyers to seeking extensions of time to filing numerous pretrial motions. We also agree with the District Court's determination that the Government did not delay the case in bad faith or negligently, a determination to which we give "considerable deference."[15] Rather, the Government showed reasonable diligence in bringing this complex case to trial, and any prejudice Mitchell suffered because of the delay was largely attributable to his actions and his codefendants' actions, not to the Government's.

We are also unpersuaded by Mitchell's argument that his statutory rights to a speedy trial under 18 U.S.C. § 3161 were violated. Here, Mitchell attacks the Government's decision to twice bring superseding indictments as unreasonable actions to delay the case. But as the Government points out, the first superseding indictment added most of the coconspirators to the case, and the second superseding indictment added a significant player in the conspiracy to the case. These actions were hardly unreasonable.

### III.

For the reasons set forth above, we will affirm the District Court's rulings.

---

[15] *Id.* at 176.